EXHIBIT

A

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JEFFREY LANDRUM

- **CIVIL ACTION NO.:** 3:25-cv-00896-BAJ-EWD

- **JUDGE:** Brian A. Jackson

- **MAGISTRATE JUDGE:** Erin Wilder-Doomes

VERSUS

LOUISIANA DEPARTMENT OF HEALTH

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, EXPUNGEMENT, AND DAMAGES**

Plaintiff, Jeffrey Landrum ("Landrum"), for his First Amended Complaint against the Louisiana Department of Health ("LDH"), respectfully alleges as follows:

**I. INTRODUCTION**

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 seeking damages, declaratory relief, and injunctive relief for the deprivation of Plaintiff's rights, privileges, and immunities secured by the Fourteenth Amendment to the United States Constitution. This action arises from the Defendant's unconstitutional and unlawful actions, which resulted in the coerced surrender of Plaintiff's professional paramedic license and the imposition of a permanent disciplinary record based on a void administrative process and the retroactive application of agency policy.

1

## II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction), as the claims arise under 42 U.S.C. § 1983 and the United States Constitution.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as they arise from the same common nucleus of operative fact.

4. Venue is proper in the Middle District of Louisiana pursuant to 28 U.S.C. § 1391(b) because the Defendant is located in this district and a substantial part of the events giving rise to the claims occurred in this district.

## III. PARTIES

5. Plaintiff, **Jeffrey Landrum**, is an individual and a citizen of the State of Louisiana, residing in Haynesville, Louisiana. At all times relevant, he was a licensed Paramedic in good standing in the State of Louisiana.

6. Defendant, **Louisiana Department of Health (LDH)**, is the executive department of the Louisiana state government responsible for developing and providing health services and protecting the health of the citizens of Louisiana. LDH is a juridical person capable of being sued and is sued herein for the actions of its sub-units, agents, and employees, including the Bureau of Emergency Medical Services ("Bureau") and the Emergency Medical Services Certification Commission ("EMSCC"), which at all times acted under color of state law.

## IV. FACTUAL ALLEGATIONS

2

7. On or about May 14, 2024, Landrum was compelled to surrender his paramedic license and instructor certification to LDH's Bureau of EMS.

8. This surrender was the direct result of an administrative investigation and disciplinary proceeding conducted by the Bureau and the EMSCC that was fundamentally flawed and void *ab initio*.

9. The proceeding was void because key members of the EMSCC, including the Chair who presided over the matter and executed the surrender document, were not legally qualified to hold their positions or take official action, having failed to complete mandatory ethics training as required by Louisiana law for multiple years.

10. The surrender was not voluntary. It was obtained through coercion and duress after LDH, through its agents at the Bureau and EMSCC, presented Landrum with an unconstitutional choice: immediately surrender his license or face continued, baseless prosecution by an improperly constituted panel.

11. Following the coerced surrender, LDH reported the action as a final, adverse disciplinary event to state and national licensing databases.

12. LDH justified this disciplinary classification by relying on its internal Bureau of EMS Policy Manual. However, the specific policy provisions authorizing LDH to treat a voluntary surrender as a final, reportable disciplinary action did not exist at the time of Landrum's surrender.

13. The relevant policy amendments were not enacted until May 2025, approximately one year *after* Landrum's surrender on May 14, 2024.

14. LDH's action therefore constitutes an impermissible retroactive application of a punitive agency rule, which violates fundamental principles of due process and fair notice.

15. As a direct and proximate result of LDH's unlawful actions, Landrum has been deprived of his ability to work in his chosen profession, has suffered significant economic loss, and has sustained damage to his professional reputation and severe emotional distress.

## V. CAUSES OF ACTION

### COUNT I: VIOLATION OF PROCEDURAL DUE PROCESS (42 U.S.C. § 1983)

16. Plaintiff realleges and incorporates the allegations in the preceding paragraphs.

17. Plaintiff possesses a constitutionally protected property interest in his professional paramedic license and a liberty interest in his professional reputation and ability to pursue his chosen occupation.

18. LDH, acting under color of state law, deprived Plaintiff of these interests without providing constitutionally adequate due process. Specifically, LDH failed to provide a hearing before a fair, impartial, and legally constituted tribunal.

19. The actions of the unqualified EMSCC members rendered the entire administrative process a nullity, violating Plaintiff's right to a fundamentally fair proceeding as guaranteed by the Fourteenth Amendment.

### COUNT II: VIOLATION OF SUBSTANTIVE DUE PROCESS (42 U.S.C. § 1983)

20. Plaintiff realleges and incorporates the allegations in the preceding paragraphs.

4

21. LDH's conduct—including the prosecution of claims by illegally seated officials and the retroactive application of a punitive policy to deprive Plaintiff of his livelihood—was arbitrary, capricious, and conscience-shocking.

22. These actions bear no rational relationship to any legitimate state interest and represent a flagrant abuse of governmental power, thereby violating Plaintiff's rights to substantive due process under the Fourteenth Amendment.

## COUNT III: DECLARATORY JUDGMENT (28 U.S.C. §§ 2201, 2202)

23. Plaintiff realleges and incorporates the allegations in the preceding paragraphs.

24. An actual controversy exists between the parties regarding the legal validity of the May 14, 2024, surrender document and the subsequent disciplinary report.

25. Plaintiff requests a declaration from this Court that: a. The administrative proceeding conducted by the EMSCC was void *ab initio* due to the participation of legally unqualified members. b. The surrender of Plaintiff's license is null, void, and of no legal effect as it was procured through coercion and resulted from a void proceeding. c. LDH's retroactive application of its May 2025 policy to Plaintiff's May 14, 2024, surrender is an unconstitutional violation of due process.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jeffrey Landrum, respectfully prays for a judgment against the Defendant, Louisiana Department of Health, as follows:

a. A **declaration** that the surrender of his paramedic license is null and void; b.

An **injunction** ordering LDH to immediately expunge from its records, and from all state and

national databases, any and all references to disciplinary action arising from the events of May 14, 2024; c. An award of **compensatory damages** in an amount to be determined at trial for lost wages, loss of earning capacity, reputational harm, and emotional distress; d. An award of **punitive damages** for Defendant's willful, reckless, and callous disregard for Plaintiff's constitutional rights; e. An award of reasonable **attorney's fees and costs** pursuant to 42 U.S.C. § 1988; and f. Any and all other relief that this Court deems just and proper.

Respectfully Submitted,

**Jeffrey Landrum** *Pro Se* 7528 Hwy 79 Haynesville, LA 71038 (832) 797-6051 Landrumjeff0514@yahoo.com

Date: November 12, 2025

6