UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JEFFERY LANDRUM                                          CIVIL ACTION

VERSUS

LOUISIANA DEPARTMENT OF                      NO. 25-00896-BAJ-EWD
HEALTH, ET AL.

## RULING AND ORDER

Before the Court is *pro se* **Plaintiff's Emergency Omnibus Motion For a Partial TRO and Partial Preliminary Injunction Pursuant to FRCP 65 and 42 U.s.C. § 1983 (Doc. 29, the "Motion")**, which the Court construes as a request for a temporary restraining order ("TRO") and preliminary injunction.

Plaintiff's Amended Complaint, brought pursuant to 42 U.S.C. § 1983, alleges that Defendants have violated his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. (*See* Doc. 21, the "Complaint"). Specifically, Plaintiff asserts that Defendants' actions "resulted in the coerced surrender of Plaintiff's professional paramedic license and the imposition of a permanent disciplinary record based on a void administrative process and the retroactive application of agency policy." (*Id.* at ¶ 1). Plaintiff further alleges that he "has been deprived of his ability to work in his chosen profession, has suffered significant economic loss, and has sustained damage to his professional reputation and severe emotional distress." (*Id.* at ¶ 15). Plaintiff seeks monetary, declaratory, and injunctive relief. (*Id.* at 5-6).

Now, Plaintiff moves for a temporary restraining order ("TRO") and preliminary injunction. (Doc. 29). Plaintiff's Motion requests that the Court enjoin Defendants from presenting certain evidence at an upcoming Louisiana Bureau of Emergency Medical Services ("EMS") administrative hearing scheduled for August 14, 2026. (*Id.* at ¶¶ 2-3). In support of his request for emergency injunctive relief, Plaintiff alleges that "a finding of unfitness by the Commission will instantly trigger reciprocal actions, permanently destroying his multi-state career footprint." (*Id.* at ¶ 38). Plaintiff does not elaborate on what these reciprocal actions might be, or how they would "inflict[] immediate, irreversible career destruction." (*Id.* at ¶ 3). Plaintiff's Motion offers no other support for his claim of a threat of immediate, irreparable harm.

> Federal Rule of Civil Procedure ("Rule") 65(b)(1) provides:
>
> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only if*:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; *and*
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)–(B) (emphasis added).

While the Court is aware that Plaintiff is proceeding *pro se*, he does not provide sufficient verification attesting to specific facts in the form of an affidavit or verified complaint, as required by Rule 65(b)(1)(A). Moreover, as discussed above, Plaintiff does not provide sufficient factual allegations to "clearly show that immediate and irreparable injury will result." *Id.* Plaintiff offers only a certification of service of the

2

Motion to satisfy the requirement of Rule 65(b)(1)(B). (Doc. 29 at 17-18). Plaintiff's failure to comply with *both* of Rule 65(b)(1)'s requirements is a sufficient basis to deny his request for a TRO. *See Stevenson v. Benjamin*, No. 19-cv-637 (M.D. La. February 17, 2021) (denying *pro se* plaintiff's motion for temporary restraining order due to failure to comply with Rule 65's notice requirements); *Hampton v. First Guaranty Mortgage Corp.*, No. 16-cv-632, 2016 WL 5796886, at *1 (M.D. La. Sept. 30, 2016) (same); *Spears v. Scales*, No. 15-11-SDD-RLB, 2016 WL 3774069, at *1 (M.D. La. July 13, 2016) (same).

Accordingly,

**IT IS ORDERED** that Plaintiff's request for a temporary restraining order and preliminary injunction, (Doc. 29), be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 27th day of July, 2026

_____

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

3